### JAMES FITZPATRICK *vs.* ERIC HANSON.

Argued Oct. 25, 1893.   Affirmed Nov. 8, 1893.

No. 8519.

**Burden of proof of good faith of chattel mortgage.**

As against a landlord, who, with the consent of the tenant, has canceled a lease held by the latter to carry on a farm "upon shares," and has in good faith purchased and paid for all rights or interests which the tenant may have had in a crop of grain then growing, or to be grown at that season, upon the premises, it is incumbent upon one who claims title to a share of such grain under and by virtue of a chattel mortgage executed and delivered by the tenant before the seed was sown from which such grain was raised to show that said mortgage was executed in good faith, and not for the purpose of defrauding creditors.

**A mortgagee of chattels with notice of a prior sale of them made to defraud creditors cannot contest the sale on that ground.**

One who takes a mortgage upon an undivided share of a crop growing on the farm of a third person, relying upon and in the belief that a secret agreement, made for the purpose of defrauding the mortgagor's creditors, exists between said third party and such mortgagor, to the effect that the latter, apparently a laborer upon the farm of the former, is in fact a tenant cultivating the farm upon shares, cannot claim the benefit of such secret and fraudulent agreement.

**The purchaser held not estopped by his statements.**

*Held,* that such third party was not estopped from asserting title to the entire crop of grain by reason of certain statements alleged to have been made by him to the plaintiff mortgagee.

Appeal by plaintiff, James Fitzpatrick, from an order of the District Court of Steele County, *Thomas S. Buckham,* J., made March 25, 1893, denying his motion for a new trial.

The defendant, Eric Hanson, owned a farm in Dodge County and in the fall of 1890 leased it to Ferdinand Kimple for five years and

was to furnish seed and have as rent one half of the crops raised thereon. On November 11, 1891, Kimple mortgaged to Geo. B. Arnold his share of the crops to be raised on the farm in 1892 to secure the payment of his note to Arnold for $246 and interest due thirty days after that date. On August 24, 1892, Arnold sold and assigned this note and mortgage to the plaintiff. On August 26, 1892, Kimple mortgaged to plaintiff his share of the crops raised on the farm that year to secure the payment of his note to plaintiff for $300 given for the same Arnold debt and due on demand. In April, 1892, Kimple and Hanson had a settlement and the lease was surrendered and Kimple made a bill of sale to Hanson of all his interest and agreed to work for Hanson on the farm that coming summer for wages. Kimple testified that this was done to prevent his creditors seizing his half of the crops, but that he and Hanson had a secret understanding that Hanson should give him a half of the crop in the fall instead of wages, that Fitzpatrick knew of this secret understanding before he bought the Arnold mortgage and before he took the other mortgage in renewal of it, and that he heard Hanson admit it to Fitzpatrick before. Early in September, 1892, Hanson settled with Kimple and paid him $75 for his services and he accepted it in full and removed from the farm. On September 29, 1892, Fitzpatrick demanded of Hanson a half of the crop raised that year and being refused brought this action to recover the value. The venue was changed to Steele County. At the trial plaintiff omitted to prove the consideration or good faith of the mortgages and the Court directed a verdict for defendant. Plaintiff excepted, moved for a new trial and being denied appeals and claims that Hanson was a subsequent purchaser of this half of the crop and did not show that he purchased in good faith. 1878 G. S. ch. 39, § 1.

*S. T. Littleton,* for appellant.

*Sawyer & Sawyer,* for respondent.


COLLINS, J. The plaintiff in this action claimed title to the grain in controversy, which was raised on defendant's farm in 1892, through two chattel mortgages executed and delivered by one Kimple. One of these mortgages bore date November 11, 1891, was executed to George B. Arnold, and by him assigned to the plaintiff August 24, 1892, more than six months after the note therein de-

scribed, and thereby secured, had matured. It covered, among other property, an undivided half of the grain to be raised by said Kimple on defendant's farm in the season of 1892. The other mortgage bore date August 26, 1892, ran to plaintiff as mortgagee, and was upon the same grain, (Kimple's share of the grain raised on defendant's farm in the year 1892,) as well as other property.

Both mortgages were duly filed. From the proofs, it appeared that, in the spring of 1891, defendant, in writing, leased his farm to Kimple. This lease was not produced in evidence, nor were its terms and conditions disclosed, except that it was for five years, the defendant could annul it if Kimple's conduct as a tenant was unsatisfactory, and the products were to be equally divided. Early in April, 1892, defendant being dissatisfied with Kimple, the lease was canceled, the latter consenting. Subsequently, a new agreement was made, whereby Kimple was to remain upon the farm as a laborer, to be paid what his services were worth. Difficulties arising, which led to litigation between the parties, a settlement was had between them in the month of September. Kimple was paid a small balance due, receipted for all claims upon defendant and upon the farm products, and removed from the premises, a short time prior to the commencement of this action.

There was received in evidence, to sustain plaintiff's claim of title, copies of the Arnold mortgage, and of the assignment, duly certified to by the town clerk. No other testimony whatever was offered or received relating to the mortgage, or the debt or note thereby secured, except that plaintiff testified that $60, only, had been paid upon both mortgages. As has been stated the note matured long before the seed was sown from which came the grain, and long prior to the time of the assignment of the mortgage to plaintiff. This note was not produced on the trial, nor was its absence accounted for, nor was it shown that plaintiff ever had it in his possession. No further or other attempt was made, by or through the Arnold mortgage, to establish plaintiff's claim upon or title to the grain raised upon defendant's farm, and in his possession when this action was commenced. Upon these proofs, alone, the plaintiff was not entitled to recover. If the defendant had the power, as against the existing mortgage, to cancel and terminate the lease at the time it was canceled and terminated, in April, 1892, Kimple

had no further interest in the grain to be raised that year; or, if Kimple then had an interest in the grain, which defendant could not extinguish by Kimple's consent or otherwise, it passed to the former, as a bona fide purchaser, when settlement was made in September of that year. If this was the situation, defendant must be regarded as a bona fide purchaser, and it was incumbent upon plaintiff to show, at least, that the Arnold mortgage was executed in good faith, and not for the purpose of defrauding Kimple's creditors.

The lease had been canceled several months before the second mortgage was executed. This mortgage was taken by plaintiff, and also the assignment of the Arnold mortgage, after he had been informed, as he claimed, of a secret agreement, made for the purpose of defrauding Kimple's creditors, which existed between Kimple and defendant, to the effect that, although the former was apparently a laborer on the farm, he was actually a tenant, carrying on the place upon the terms and conditions found in the lease; the plaintiff relying, when he took the mortgage, upon his right to claim the benefit of such secret and fraudulent agreement. A creditor might have obtained the benefit of such an agreement, but Kimple, mortgagor, could not, nor could plaintiff mortgagee, in privity with him.

It was shown upon the trial that defendant had made certain statements to plaintiff relative to this secret agreement before the execution of the second mortgage.

It was not shown that these statements were made to mislead the plaintiff, or made with any improper intent, or that defendant had any knowledge that plaintiff contemplated the taking of a mortgage, or was otherwise interested in learning what Kimple's rights or interests were in the farm or its products, nor was it shown that by any of these statements was plaintiff induced to take the mortgage. Not a single element of estoppel can be claimed upon this branch of the case.

Order affirmed.

(Opinion published 56 N. W. Rep. 814.)